UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BRIAN CLARK, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WHITESTONE REIT, JAMES C. MASTANDREA and DAVID K. HOLEMAN,<br><br>　　　　Defendants. | § CIVIL ACTION NO. 4:19-cv-01379<br>§<br>§ **MEMORANDUM OF LAW IN SUPPORT**<br>§ **OF TYRONE CANION, JR.'S MOTION**<br>§ **FOR APPOINTMENT AS LEAD**<br>§ **PLAINTIFF AND APPROVAL OF LEAD**<br>§ **PLAINTIFF'S SELECTION OF COUNSEL**<br>§<br>§ **CLASS ACTION**<br>§<br>§<br>§<br>§<br>§ |

## INTRODUCTION

Movant Tyrone Canion, Jr. ("Movant"), respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)　　appointing Movant as Lead Plaintiff for the class of all purchasers and/or acquirers of the securities of Whitestone REIT ("Whitestone" or the "Company") between May 9, 2018 and February 27, 2019, inclusive (the "Class Period"); and

(b)　　approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel for the Class.

## BACKGROUND

The first action, *Clark v. Whitestone REIT, et al.*, Case No. 4:19-cv-1379 (S.D.T.X.) (the "*Clark* Action"), was commenced on April 16, 2019 against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That

1

same day, a PSLRA early notice was issued advising potential class members of, among other things, the claims alleged in the action, the Class Period, and the 60-day deadline for class members to move to be appointed as lead plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App."). On May 22, 2019, the related action, *Kastler v. Whitestone REIT, et al.*, Case No. 4:19-cv-01851 (S.D.T.X.) (the "*Kastler* Action"), was filed against the same Defendants and asserted the same claims. On May 30, 2019, Judge Hughes consolidated the *Clark* Action and *Kastler* Action and directed that all future filings be made in the *Clark* Action. (Dkt. No. 6).

Defendant Whitestone is a real estate investment trust incorporated in Maryland with principal offices in Houston, Texas. Whitestone owns and operates 57 commercial properties totaling 4.8 million square feet of gross leasable area in Texas, Arizona, and Illinois. As of December 31, 2018, Whitestone's property portfolio had a gross book value of $1.1 billion. Whitestone elected to be taxed as a REIT under the Internal Revenue Code of 1986.  Through an investment in Pillarstone Capital REIT Operating Partnership LP ("Pillarstone OP"), Whitestone owns a majority interest in 11 properties containing approximately 1.3 million square feet of gross leasable area.

The complaints allege that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) Whitestone lacked effective internal control over financial reporting; (2) Whitestone was incorrectly recognizing assets and liabilities associated with its contribution to Pillarstone OP; (3) Whitestone's financial statements for the fiscal year 2018 were overstating revenues; (4) Whitestone's financial statements for the fiscal year 2018 could no longer be relied upon; and (5) as a result of the foregoing, Whitestone's financial statements were materially false and misleading at all relevant times.

2

On February 27, 2019, after the close of the market, Whitestone filed a Form 8-K with the SEC under item 4.02(a) for non-reliance on previously issued financial statements. In the Form 8-K, Whitestone stated that it needed to restate its financial statements for the periods ending March 31, 2018, June 30, 2018, and September 30, 2018 and that the previous statements could no longer be relied upon. On this news, Whitestone's price per common share of beneficial interest declined from a close of $14.25 on February 27, 2019, to a close of $13.01 on February 28, 2019. The next day, the stock continued to fall, to close at $12.18 on March 1, 2019, an overall drop of approximately 14.52%. On March 15, 2019, after the close of the market, Whitestone filed a Form 10-K with the SEC for the annual report ending December 31, 2018 which announced that the Company identified material weaknesses in its internal control over financial reporting.

## ARGUMENT

## I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A.      Movant Is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that Movant is willing to serve as representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* App., Exhibit 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.      Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost $27.79 in connection with purchases of Whitestone securities. *See* App., Exhibit 3 (Movant's Loss Chart). Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.** **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Whitestone and its business. Movant, as well as other members of the class, purchased

Whitestone shares at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D.   Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a)   will not fairly and adequately protect the interests of the class; or

> (b)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* App., Exhibit 4. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) appointing Movant as Lead Plaintiff of the class; (b) approving The Rosen Law Firm P.A. as Lead Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: June 17, 2019                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Keith R. Lorenze
Keith R. Lorenze (State Bar No. 24046313)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: klorenze@rosenlegal.com

7

-and-

Phillip Kim, Esq. (not admitted)
Laurence M. Rosen, Esq. (not admitted)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff and Class

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Keith R. Lorenze

9